## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WALTER FIELDS,** | ) | |
| No. N62102, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-00318-MJR** |
| | ) | |
| **JACQUELINE A. LASHBROOK,** | ) | |
| **J. KEMPFER,** | ) | |
| **M. PHOENIX, and** | ) | |
| **C/O DAVIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Walter Fields, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on several incidents related to the conditions of his confinement.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on January 21, 2013, Plaintiff was subjected to an unjustified, invasive body cavity search. Who authorized or conducted the search is not revealed. An unidentified guard and Assistant Warden of Programs Lashbrook then housed Plaintiff in segregation cell 253, where the walls and floor were contaminated with feces, blood and mold. Lashbrook refused Plaintiff's request for cleaning supplies, hygiene products, a mattress and clothing.[1] Lashbrook also refused Plaintiff's request for an inhaler for his asthma, despite Plaintiff stating that he could die without it.

Between January 21st and 30th, Plaintiff asked C/O Kempfer and C/O Davis for cleaning supplies, hygiene products, a mattress, clothing and an inhaler, to no avail. Kempfer and Davis only hurled racial slurs at Plaintiff.

It is also alleged that Kempfer and Davis spread the word that inmate Jason Hall (the inmate in the cell next to Plaintiff) was a snitch, in an effort to get Hall killed. In fact, Hall was murdered on January 30, 2013.[2] When Assistant Warden Lashbrook questioned Plaintiff about

---

[1] Plaintiff admits that he was given a jumpsuit one day later, but not his other clothes.

[2] Because Plaintiff has no standing to sue for the endangerment of Hall's life, no further discussion of those events is necessary.

Hall's murder, Plaintiff refused to provide any information.  Lashbrook retaliated by writing Plaintiff a disciplinary report for impeding an investigation. Plaintiff further asserts that Lashbrook was motivated by racial bias (Plaintiff is African American), and the fact that Plaintiff was serving a life sentence. Although the Adjustment Committee convicted Plaintiff of that offense, the conviction was later expunged (Doc. 1, pp. 14-16).

After Hall's murder, Plaintiff was moved to cell 810 and then to cell 847, both of which were filthy, contaminated with blood and feces.  Plaintiff does not identify when he was moved, or by whom.  On April 11, 2013, Plaintiff complained to C/O Phoenix about the conditions of cell 847.  Phoenix denied Plaintiff's request for cleaning supplies, hygiene products and asthma medication.

As a result of the defendants' failure to move Plaintiff to a sanitary cell, and their refusal to give him cleaning supplies, clothing and medication, Plaintiff became ill, developing sores on his feet and scalp, and experiencing stomach pain, headaches, loss of appetite and anxiety.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into six counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:  Plaintiff was subjected to an unjustified, invasive body cavity search, in violation of the Eighth Amendment;**
>
> **Count 2:  Assistant Warden Lashbrook housed Plaintiff in an unsanitary cell, without a mattress and clothing, and refused Plaintiff's request for cleaning supplies, hygiene items, a mattress, clothing and asthma medication, all in violation of the Eighth Amendment;**
>
> **Count 3:  C/O Kempfer and C/O Davis refused Plaintiff's request for cleaning supplies, hygiene products, a mattress, clothing and an inhaler;**

**Count 4:   Assistant Warden Lashbrook issued a false disciplinary report in retaliation for Plaintiff refusing to answer questions regarding a murder;**

**Count 5:   Plaintiff was moved to cell 810 and 847, both of which were unsanitary, in violation of the Eighth Amendment; and**

**Count 6:   C/O Phoenix refused Plaintiff's request for cleaning supplies, hygiene products and asthma medication.**

### Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1970); *Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Counts 1-3 and 5-6 implicate the Eighth Amendment.

### Count 1

Count 1 pertains to Plaintiff being subjected to an unjustified, invasive body cavity search. The justification for, and manner of, a body cavity search can violate the Eighth Amendment. *See generally Del Raine v. Williford*, 32 F.3d 1024, 1039 (7th Cir. 1994). However, Plaintiff has failed to identify who authorized and/or conducted the search. Therefore, Count 1 will be dismissed without prejudice.

### Counts 2, 3, 5 and 6

Counts 2, 3, 5 and 6 all pertain to the conditions of Plaintiff's confinement and/or the defendants' failure to take action to remedy those conditions. Although comfortable prisons are not constitutionally mandated, the conditions of confinement cannot deprive a prisoner of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981).

> *See, e.g., Johnson v. Pelker,* 891 F.2d 136, 139–40 (7th Cir.1989) (prisoner held for three days in segregation cell allegedly smeared with human feces and having no running water); *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir.1992) (prisoner held in cell that allegedly was filthy and smelled of human waste, lacked adequate heating, contained dirty bedding, and had "rusted out" toilets, no toilet paper, and black worms in the drinking water); *Isby v. Clark,* 100 F.3d 502, 505– 06 (7th Cir.1996) (prisoner held in segregation cell that allegedly was "filthy, with dried blood, feces, urine and food on the walls"); *see also Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir.2006) (explaining that prisons must provide "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities" (quotation marks and citation omitted)); *DeSpain v. Uphoff,* 264 F.3d 965, 974 (10th Cir.2001) (concluding that exposure to human waste, even for 36 hours, would constitute sufficiently serious deprivation to violate Eighth Amendment).

*Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007).

The conditions of the cell—the filth, lack of a mattress, lack of clothing and hygiene supplies—described by Plaintiff fall within the ambit of Eighth Amendment protection.  Prison officials who are aware of such conditions and are deliberately indifferent may be subject to liability under the Eighth Amendment.  *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664-65 (7th Cir. 2012).

Similarly, the failure to get Plaintiff his inhaler states a colorable Eighth Amendment claim at this early stage in the proceedings.  Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005).  To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious."  *Greeno,* 414 F.3d at 653, *citing Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (internal quotations omitted).  A serious medical condition is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person

would perceive the need for a doctor's attention." *Edwards v. Snyder,* 478 F.3d 827, 830–31 (7th Cir. 2007). "As a general matter, asthma 'can be, and frequently is, a serious medical condition, depending on the severity of the attacks.'" *Lee v. Young*, 533 F.3d 505, 510 (7th Cir. 2008) (quoting *Board v. Farnham,* 394 F.3d 469, 484 (7th Cir. 2005)). Relative to the subjective requirement, Plaintiff told Lashbrook that he could die, yet she did nothing. Relative to Kempfer, Davis and Phoenix, the fact that Plaintiff told them he needed his inhaler satisfies the notice pleading standard.

For the reasons stated, Counts 2, 3 and 6 shall proceed. However, Count 5 will be dismissed without prejudice because Plaintiff has not identified who placed him in cells 810 and 847.

## Count 4

Count 4 alleges that Assistant Warden Lashbrook issued a false disciplinary report in retaliation for Plaintiff refusing to answer questions regarding the murder of inmate Hall. Plaintiff further alleged that Lashbrook was motivated by racial prejudice and the fact that Plaintiff is serving a life sentence.

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Although only "notice pleading" is required under Federal Rule of Civil Procedure 8(a) and *Twombly*, it is helpful to understand that to prevail on a First Amendment retaliation claim, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action. *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012).

By its very text, the First Amendment protects "freedom of speech."   Count 4 may initially appear to be frivolous, in that Plaintiff did not speak and his speech was clearly not restricted by Assistant Warden Lashbrook.   However, silence appears to be protected under the First Amendment.   "[T]he First Amendment guarantees 'freedom of speech,' a term necessarily comprising the decision of both what to say and what *not* to say."   *Glickman v. Wileman Bros. & Elliott, Inc*., 521 U.S. 457, 481 (1997) (quoting *Riley v. National Federation of Blind of N.C., Inc*., 487 U.S. 781, 796-97 (1988) (regarding a charity's refusal to disclose information about donors)).   Plaintiff appears to be contending that Lashbrook was trying to compel him to snitch about who killed inmate Hall.   Had the disciplinary conviction not been expunged, Plaintiff would have been demoted to C grade for one month, spent one month in segregation, and lost one month of commissary privileges—which would likely deter one from remaining silent. Therefore, at this juncture, Count 4 states a colorable constitutional claim.   The Court offers no opinion to likely defenses to this claim.

The allegations that Lashbrook was motivated by racial bias or the fact that Plaintiff is serving a life sentence are, as pleaded, bald assertions with little or no factual underpinning. *Twombly* requires that a claim be plausible, not merely possible.   Therefore, claims premised upon race and the length of Plaintiff's sentence—whether under the Due Process Clause or Equal Protection Clause of the Fourteenth Amendment—should be considered dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 1 and 5** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 2, 3, 4 and 6** shall otherwise **PROCEED** against **JACQUELINE A. LASHBROOK**, **J. KEMPFER**, **M. PHOENIX** and **C/O DAVIS**.

The Clerk of Court shall prepare for Defendants **JACQUELINE A. LASHBROOK**, **J. KEMPFER**, **M. PHOENIX** and **C/O DAVIS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

        **IT IS SO ORDERED.**

        **DATED: April 2, 2014**

                                     **s/ *Michael J. Reagan***
                                     **MICHAEL J. REAGAN**
                                   **UNITED STATES DISTRICT JUDGE**